# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| J.M. HUBER CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | **JURY DEMAND** |
| | ) | |
| vs. | ) | No. 1:16-cv-116 |
| | ) | |
| PEN GULF, INC., | ) | JUDGE JORDAN |
| | ) | MAGISTRATE STEGER |
| Defendant. | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

The Defendant Pen Gulf, Inc. ("**Pen Gulf**"), by and through counsel, for its Answer to the First Amended Complaint states as follows:

1. Pen Gulf admits the allegations contained in paragraph 1 of the First Amended Complaint. For further response, Pen Gulf states that J.M. Huber is a corporation organized under the laws of the state of New Jersey.

2. Pen Gulf admits the allegations contained in paragraph 2 of the First Amended Complaint. For further response, Pen Gulf states that it is a corporation organized under the laws of the state of Florida.

3. The allegations contained in paragraph 3 of the First Amended Complaint contain legal conclusions; therefore, no response is required.

4. The allegations contained in paragraph 4 of the First Amended Complaint contain legal conclusions; therefore, no response is required.

5. The allegations contained in paragraph 5 of the First Amended Complaint contain legal conclusions; therefore, no response is required.

6. Pen Gulf admits the allegations contained in paragraph 6 of the First Amended Complaint.

7. Pen Gulf admits the allegations contained in paragraph 7 of the First Amended Complaint, and further states that the contract attached as Exhibit A speaks for itself.

8. For its response to paragraph 8 of the First Amended Complaint, Pen Gulf states that the Work it was to perform, as set forth in the contract, speaks for itself.

9. Pen Gulf lacks sufficient knowledge or information with which to admit or deny the allegations contained in paragraph 9 of the First Amended Complaint, and therefore neither admits nor denies same.

10. Pen Gulf lacks sufficient knowledge or information with which to admit or deny the allegations contained in paragraph 10 of the First Amended Complaint, and therefore neither admits nor denies same.

11. Pen Gulf denies the allegations contained in paragraph 11 of the First Amended Complaint.

12. Pen Gulf denies the allegations contained in paragraph 12 of the First Amended Complaint.

13. Pen Gulf denies the allegations contained in paragraph 13 of the First Amended Complaint.

14. For its response to paragraph 14 of the First Amended Complaint, Pen Gulf states that it is not responsible for any of the alleged damages to Huber's tank.

15. For its response to paragraph 15 of the First Amended Complaint, Pen Gulf incorporates by reference its responses to the previous paragraphs, as if set forth fully here and now.

16. The allegations contained in paragraph 16 of the First Amended Complaint require no response.

17. Pen Gulf denies the allegations contained in paragraph 17 of the First Amended Complaint.

18. For its response to paragraph 18 of the First Amended Complaint, Pen Gulf states that the contract speaks for itself, and that no further response is required.

19. For its response to paragraph 19 of the First Amended Complaint, Pen Gulf states that the contract speaks for itself, and that no further response is required.

20. Pen Gulf denies the allegations contained in paragraph 20 of the First Amended Complaint.

21. Pen Gulf denies the allegations contained in paragraph 21 of the First Amended Complaint.

22. For its response to paragraph 22 of the First Amended Complaint, Pen Gulf incorporates by reference its responses to the previous paragraphs, as if set forth fully here and now.

23. For its response to paragraph 23 of the First Amended Complaint, Pen Gulf admits that it owed a duty of care to perform the Work in a reasonable and workmanlike manner, but denies that it breached its duty.

24. Pen Gulf denies the allegations contained in paragraph 24 of the First Amended Complaint.

25. Pen Gulf denies the allegations contained in paragraph 25 of the First Amended Complaint.

26. For its response to paragraph 26 of the First Amended Complaint, Pen Gulf incorporates by reference its responses to the previous paragraphs, as if set forth fully here and now.

27. Pen Gulf denies the allegations contained in paragraph 27 of the First Amended Complaint.

28. Pen Gulf denies the allegations contained in paragraph 28 of the First Amended Complaint.

29. For its response to paragraph 29 of the First Amended Complaint, Pen Gulf incorporates by reference its responses to the previous paragraphs, as if set forth fully here and now.

30. For its response to paragraph 30 of the First Amended Complaint, Pen Gulf denies that any of the work it performed was not sufficient for the particular purpose desired by Huber.

31. Pen Gulf denies the allegations contained in paragraph 31 of the First Amended Complaint.

32. Pen Gulf denies the allegations contained in paragraph 32 of the First Amended Complaint.

33. Pen Gulf denies it is liable to Plaintiff for the relief sought in the prayer for relief contained at the conclusion of paragraph 32 of the First Amended Complaint.

34. All allegations not heretofore admitted, explained, or denied are hereby expressly denied.

## DEFENSES / AFFIRMATIVE DEFENSES

35. Pen Gulf states that the First Amended Complaint fails to state a cause of action against it for which relief can be granted. Pen Gulf states that Plaintiff fails to allege pertinent sufficient facts to support any cause of action against it. The responses set forth above are incorporated herein by reference

36. Pen Gulf affirmatively asserts the affirmative defenses of accord and satisfaction, estoppel, unclean hands, and waiver, pursuant to Rule 8 of the Federal Rules of Civil Procedure.

37. Pen Gulf relies upon the doctrine of comparative fault as it exists in the State of Tennessee. Pen Gulf avers that in the event and to the extent that the Plaintiff, or nonparties named in this cause in any Answer filed by any Defendant, are shown to the Court to have fault causing any damages for which the Plaintiff is entitled to recover, Plaintiff's recovery for any fault of Pen Gulf, which is denied, is thereby barred or mitigated. Pen Gulf avers that it has had insufficient opportunity at this time to investigate the Plaintiff's claims in this cause. Pen Gulf reserves leave herein to show to the Court the fault of the Plaintiff, or specifically named nonparties in an Answer filed by Pen Gulf or any other party, and who the proof shows at fault for any damages incurred by the Plaintiff and for which recovery is sought against Pen Gulf in this cause.

38. Pen Gulf denies that it has violated the standard of care applicable to it at any times material to this cause.

39. Pen Gulf denies that it has breached any contract in any manner proximately causing any damages to Plaintiff.

40. Pen Gulf relies upon the three-year property damage statute of limitations set forth at Tenn. Code Ann. § 28-3-105 to the extent applicable to this cause.

41. Pen Gulf relies upon the four-year Tennessee construction industry statute of repose set forth at Tenn. Code Ann. § 28-3-201, *et seq.* to the extent applicable to the facts of this cause.

42. Pen Gulf relies upon the defenses of waiver, laches, and estoppel to the extent applicable to the facts of this cause.

43. Pen Gulf relies upon all provisions in any applicable contract(s) between Pen Gulf and the Plaintiff to the extent applicable to the facts of this cause.

44. Pen Gulf avers that the Plaintiff had a duty to mitigate damages and that the failure of the Plaintiff to do so bars all claims herein for all such damages that it failed to mitigate.

45. To the extent the proof demonstrates the Plaintiff has engaged in testing, destructive testing and/or spoliation of evidence, such as conduction of various tests at the property in question as alleged in the First Amended Complaint and/or performance of any alleged repairs or remedial work at the property in question, and to the extent Pen Gulf was not afforded reasonable opportunity to be present at or involved in any such testing, destructive testing and/or repairs, Pen Gulf relies upon the doctrine of spoliation of evidence, and any applicable Federal Rules of Civil Procedure, as grounds for sanctions against the Plaintiff, including, but not limited to, dismissal with prejudice of all claims of the Plaintiff against Pen Gulf as alleged in the First Amended Complaint.

46. Pen Gulf hereby provides notice that it asserts and relies, additionally and/or alternatively, upon the defense of "betterment" to the extent applicable to the facts of this cause. Pen Gulf avers that to the extent repairs and/or remedial work performed or to be performed by or on behalf of the Plaintiff have increased or will increase the value of the property in question

or otherwise result in unjust enrichment to the Plaintiff, such would constitute "betterment" to the Plaintiff. Pen Gulf denies that it is liable for any enhancement or increase in value or utility of the property in question beyond that premium amount necessary to correct any proven omissions or failures of Pen Gulf for which it is found liable, with all such liability being denied.

47. Pen Gulf denies that the Plaintiff is entitled to recovery of attorneys' fees and expenses associated with this matter, and denies that the contract attached to the First Amended Complaint provides for the recovery of attorneys' fees in favor of the Plaintiff in this matter.

48. Any allegations of the First Amended Complaint not previously denied, admitted or explained are now denied as if specifically denied.

WHEREFORE, Pen Gulf denies all liability to the Plaintiff for any amount or relief and demands that it be dismissed from this cause with its costs, including discretionary costs. Pen Gulf further demands that a jury hear all issues of fact joined between the parties in this cause.

Respectfully submitted this 12th day of May, 2016.

>LEWIS THOMASON
>
>By: s/ W. Paul Whitt
>David A. Changas, BPR #020679
>424 Church Street, Suite 2500
>P.O. Box 198615
>Nashville, TN 37219-8615
>Phone: (615) 259-1366
>Fax: (615) 259-1389
>dchangas@lewisthomason.com
>
>W. Paul Whitt, BPR #024793
>620 Market Street, Suite 500
>P.O. Box 2425
>Knoxville, TN 37901
>Phone: (865) 546-4646
>Fax: (865) 523-6529
>pwhitt@lewisthomason.com
>
>*Attorneys for Defendant Pen Gulf, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 12th day of May, 2016, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    s/ W. Paul Whitt
David A. Changas, BPR #020679
dchangas@lewisthomason.com
W. Paul Whitt, BPR #024793
pwhitt@lewisthomason.com